# EASTERN DISTRICT OF WISCONSIN
## FEDERAL DISTRICT COURT

USA

VS.                                        CASE NO.

MICHAEL RAMER


## SENTENCING MEMORANDUM


There is a rational basis for sending Michael Ramer to prison.  The government and the presentence report lay this out in detail.  But justice and the law require that this court sentence Michael Ramer to probation.


The statute governing sentencing requires the district court to "impose a sentence
sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)"
of that provision. 18 U.S.C. § 3553(a). Those purposes are:
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the
law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most
effective manner.

## Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The court knows how Michael Ramer got involved with this scheme to defraud investors. He got into it with the highest of hopes and the best of intentions. It is not clear at what point the plans of the co-defendant morphed into Michael Ramer's dream of the successful goldmine. What IS clear is that Ramer put his heart and soul and blood sweat and tears and that of his family and friends into making the dream work. Unimaginable setbacks - from bandits to corrupt officials to double-crossing associates turned the dream to dust. Lost in that dust, however, were the dreams of the investors.... and a whole lot of their money. Ramer chose to ignore those investors. This huge blind spot is what leads him to a criminal sentencing.

3553(a)(1) is a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.

The history of Michael Ramer is that of a brilliant, hardworking, imaginative, inventive but not financially successful entrepreneur and explorer. His love of his wife, and kindness to those who worked with him is beyond dispute. His gift of gab, and his technical knowledge were useful to his co-defendant. The presentence report includes all the necessary history, and Ramer's courtroom testimony showed his personal characteristics. No one on this earth could label him as a criminally oriented individual, knowing him as we do now. None of this information supports a prison sentence for Michael Ramer.

## Sentencing Purposes

Courts can frame the purposes of sentencing as follows: Deterrence, incapacitation, and rehabilitation are prospective and societal – each looks forward and asks: What amount and kind of punishment will help make society safe? In contrast, retribution imposes punishment based upon moral culpability and asks:

What penalty is needed to restore the offender to moral standing within the community?

## Seriousness of the Offense, Respect for Law, Just Punishment

Section 3553(a)(2)(A) requires the judge to consider "the need for the sentence imposed .. . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." A sentence that is excessive in light of the seriousness of the offense promotes disrespect for law and provides unjust punishment.

While the victims of financial crimes of course consider the offense to be serious, and here the amount of individual loss is significant, the crime does not hold the violence against persons that are often seen in criminal courts.  Ramer has absolutely no history of personal violence, and there are no credible assertions of threats or harm by him.  Certainly the experience of Ramer in his arrest, incarceration and long path to trial, forcing him to travel nearly across the country at great personal cost, can be considered sufficient "just deserts".  Likewise the respect for the force of law can be reinforced in no better way than by having to defend oneself in federal district court.

What is clear is that the scheme was the brainchild of the co-defendant, and while Ramer bought into the sales pitch parts of the scheme, his personal goal was always clear - get that gold mine to be profitable.

## Protection of the Public from Further Crimes of the Defendant

Section 3553(a)(2)(C) requires the judge to consider "the need for the sentence imposed .

. . to protect the public from further crimes of the defendant." This purpose has to do with both the defendant's risk of recidivism and the danger posed by the defendant, if any. It is particularly important for those offenders whose criminal histories

show repeated serious violations of the law.  It is not so important for first offenders for those who have little risk of recidivism, for those whose prior offenses are relatively minor or non-violent, like Ramer.

In one of the best studies of specific deterrence, which involved federal white collar offenders (presumably the most rational of potential offenders) in the pre-guideline era, no difference in deterrence was found even between probation and imprisonment. *See* David Weisburd et. al., *Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes*, 33 Criminology 587 (1995).[7] That is, offenders given terms of probation were no more or less likely to reoffend than those given prison sentences.

**Rehabilitation in the Most Effective Manner**
Section 3553(a)(2)(D) requires the judge to consider "the need for the sentence imposed .
. . to provide the defendant with needed educational or vocational training, medical care, or other
correctional treatment in the most effective manner."

Ramer is not likely to benefit in any way from a prison sentence.  In fact there is substantial evidence that prison, by disrupting employment, reducing prospects of future employment, weakening family ties, and exposing less serious offenders to more serious offenders, leads to increased recidivism, and that community treatment programs are more effective in reducing recidivism than prison treatment programs.

**Consideration of *Unwarranted* Disparities**
Section 3553(a)(6) requires the judge to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." "Disparity gets its content from the purposes of sentencing. Unwarranted

disparity is different treatment that is unrelated to our legitimate sentencing goals, or uniform treatment that fails to take into account differences among offenders that are relevant to our purposes and priorities." Paul J. Hofer, *Immediate and Long-Term Effects of United States v. Booker*, 38 Ariz. St. L.J. 425, 442 (2006).Defendants with similar records convicted of similar conduct vary widely in their culpability, risk of recidivism, dangerousness, and rehabilitation needs.  Here the government will argue that since the codefendant spent about 2 years in pretrial detention that Ramer should spend a like time in custody.  But there were never two defendants less similarly situated - Ramer's character in every way exceeds, and his record is in no way the history of past criminality that the co-defendant sports.

**The Ultimate Question:   Is Prison Necessary to Satisfy Retribution, Deterrence or Protection of the Public, or Would Probation Satisfy Those Purposes and Promote Rehabilitation, if needed?**

The Comprehensive Crime Control Act of 1984 makes probation a sentence in and of itself. 18 U.S.C. § 3561. Probation may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant.  Here Michael Ramer will be substantially punished by a continuing period of supervision that will restrict his liberty and impose conditions on him tantamount to those of a controlling parent.  At 60 years old, this is a stringent circumstnace.  Further, his health problems make it impractical and expensive to Incarcerate him.  Conditions of probation that include efforts toward restitution and a substantial requirement of community service are most likely to protect the public and meet the individual needs of the defendant
Respectfully submitted,

_____/s/_____

Ann T.  Bowe
Attorney for Defendant
Michael Ramer


The Gettelman mansion
2929 W.  Highland Blvd
Milwaukee, WI 53208
Respectf


Here